UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LOUIS STANLEY,

          Petitioner,

v.

JEFFREY TANNER,

          Respondent.
                                /

Case No. 2:23-cv-10907

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING MOTION
## TO STAY PROCEEDINGS [16] AND ADMINISTRATIVELY CLOSING CASE

Arthur Louis Stanley, a prisoner confined at the Gus Harrison Correctional Facility in Adrian, Michigan, petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. Petitioner challenged his conviction on two counts of first-degree murder, one count of felon in possession of a firearm, and one count of possession of a firearm during the commission of a felony. *Id.* at 1. Petitioner then moved to stay the proceedings and hold the petition in abeyance pending resolution of an anticipated State court motion for relief from judgment. ECF 16. For the following reasons, the Court will construe Petitioner's motion, in part, as one to amend the habeas petition. The Court will grant the motion to amend the petition, grant the motion to stay the proceedings to allow Petitioner to exhaust State remedies, and administratively close the case.

1

## BACKGROUND

Petitioner was convicted after a jury trial in the Wayne County Circuit Court on February 11, 2019. *Id.* Petitioner was sentenced to life imprisonment without the possibility of parole for each murder conviction; to two to five years for the felon-in-possession conviction; and to two to five years for the felony-firearm conviction. *People v. Stanley*, No. 348240, 2021 WL 3233923 at *1 (Mich. Ct. App. July 29, 2021). Petitioner appealed his conviction and argued that the trial court violated his constitutional right to counsel by denying his requests for the appointment of new counsel, that there was insufficient evidence to support the murder convictions, and that his right to a fair trial was violated when the prosecutor appealed to the jury to sympathize with the victims and their families. *Id.* at 1–4. After analyzing each argument, the Michigan appellate court affirmed the conviction on July 29, 2021. *Id.* at 10. On January 4, 2022, the Michigan Supreme Court denied leave to appeal. *People v. Stanley*, 967 N.W.2d 637 (Mich. Jan. 4, 2022). Petitioner moved for reconsideration of the order denying him leave to appeal, and the Michigan Supreme Court denied the motion for reconsideration on May 3, 2022. *People v. Stanley*, 509 Mich. 978 (2022).

On April 19, 2023, Petitioner filed a pro se federal petition for habeas corpus and raised the same three challenges to his conviction that he argued before the Michigan appellate court. *See id.*; ECF 1. Several months later, on May 12, 2023, Petitioner submitted an amended petition, ECF 9, which the Court construed as a motion to amend the habeas petition, ECF 12, PgID 171. The Court granted the

motion to amend the petition, *id.*, to include Petitioner's claim that he was denied his Sixth Amendment right to effective assistance of counsel because his trial attorney "withdrew [his] notice of intent to present an alibi defense and failed to present the alibi witnesses at trial," ECF 9, PgID 96.[1]

Additionally, the Court denied Petitioner's motion to equitably toll the limitations period because the original petition and amended petition were timely filed and equitable tolling was unnecessary. ECF 12, PgID 173. Indeed, under 28 U.S.C. § 2244(d)(1) "[a] [one]-year period of limitations shall apply to an application for a writ of habeas corpus" which "shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The opportunity for direct review therefore concluded ninety days after the Michigan Supreme Court denied reconsideration of Petitioner's appeal. *See Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (holding that direct review ends when a petitioner's time to appeal to the United States Supreme Court expires). The limitations period thus began on August 1, 2022, ninety days after the Michigan Supreme Court denied the motion for reconsideration, and Petitioner had until August 1, 2023 to file a federal habeas petition. Consequently, the Court held that both the original, ECF 1, and amended, ECF 9, petitions were timely filed. ECF 12, PgID 174.

---

[1] Petitioner raised the same argument in a brief to the Michigan appellate court and moved for a new trial based on the same. ECF 14, PgID 323. The trial court denied the motion for a new trial. *Id.*

3

Respondent timely filed a response to the petition. ECF 14. Petitioner then moved to stay proceedings and hold the petition in abeyance so that he can exhaust two additional claims in State court. ECF 16, PgID 2558. Petitioner explained that he intends to raise two claims in a post-conviction motion for relief from judgment: (1) a claim of actual innocence based on an affidavit by his brother and co-defendant that was not offered at trial and (2) a claim of ineffective assistance of counsel in violation of the Sixth Amendment because the appellate attorney failed to submit the affidavit. ECF 16, PgID 2558. Petitioner conceded that neither claim was exhausted in State court. *Id.*

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a State prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)−(c); *see Picard v. Connor*, 404 U. S. 270, 275–78 (1971). A habeas petitioner has the burden of proving that he exhausted State court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). When a habeas petition presents some claims that have been exhausted and some claims that have not been exhausted, district courts have discretion to stay proceedings pending exhaustion of all claims in State court and hold the petition in abeyance. *See Rhines v. Weber*, 544 U.S. 269, 275–78. "[I]t would likely be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that

4

the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. When analyzing these factors and deciding whether to issue a stay, the district court should consider the competing interests of the ADEPA: the efficient execution of State criminal sentences and the "well-recognized interest in the finality of [S]tate court judgments." *See id.* at 276 (citations omitted). In other words, the district court should not stay proceedings where unexhausted claims lack merit or where a stay will cause undue delay in resolving the petition. And "a mixed petition should not be stayed indefinitely." *Id.* at 277.

## DISCUSSION

First, the Court will construe the motion to stay in part as a motion to amend his habeas petition to add the additional actual innocence and ineffective assistance of appellate counsel claims and will grant the motion. *See Murphy v. Elo,* 250 F. App'x. 703, 704 (6th Cir. 2007) (affirming district court's judgment after district court construed petitioner's motion to stay as a motion to amend and stay); *Gates v. Parish*, No. 1:19-cv-265, 2019 WL 2183069, at * 2 (W.D. Mich. May 21, 2019); *see also* ECF 16, PgID 2558 (noting that Petitioner has two unexhausted claims that "he wishes to exhaust and add to his petition"). The Court will grant the motion to amend the habeas petition because the amended petition supplements the claims raised in the original petition. *See e.g., Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (treating a second habeas petition as a motion to amend because it "evinced an intent to supplement [the] original petition"); *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (holding that a habeas petitioner may assert claims in a supporting brief). Specifically, the

5

amended petition is clearly intended to supplement, not supplant, the original petition because it is incomplete standing alone and because it pertains to the same convictions and arguments as the original petition. *See* ECF 16, PgID 2558 (noting Petitioner wishes to "add" claims to the petition); *c.f.* ECF 1. The Court will therefore grant the motion to amend. And the Court will consider the first petition, ECF 1, the first amended petition, ECF 9, and the second amended petition, ECF 16, as a single petition.

Second, the Court will grant the motion to stay proceedings and allow Petitioner to exhaust the claims of actual innocence and ineffective assistance of appellate counsel in State court.[2] The Court will grant the stay because Petitioner's unexhausted claims do not clearly lack merit and because Petitioner did not engage in "intentionally dilatory tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (holding that it would be an abuse of discretion to deny a stay if the claims are meritorious and Petitioner did not engage in intentionally dilatory tactics). The record supports Petitioner's allegations that an affidavit existed, that the affidavit presented an alibi for the crimes, and that the appellate counsel did not introduce the affidavit on appeal. *See* ECF 1, PgID 18 (signed affidavits of Aubrey Jiles Stanley Jr.); ECF 16,

---

[2] Petitioner should file a post-conviction motion for relief from Judgment. Under Michigan Court Rules 6.500 *et seq.*, a Michigan State defendant may file one post-conviction motion for relief from judgment in addition to a direct appeal as a matter of right. Petitioner has not previously filed a Rule 6.500 motion. Before Petitioner may raise claims from his Rule 6.500 motion in his federal habeas petition, he must exhaust those claims by appealing the denial of his motion to the Michigan Court of Appeals and the Michigan Supreme Court. *See e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

PgID 2564; *Stanley*, 2021 WL 3233923, at *1 (Mich. Ct. App. July 29, 2021) (no affidavit was presented to the trial or appellate court). If true, Petitioner's allegations support his actual innocence. Petitioner's claim therefore does not lack merit. What is more, Petitioner diligently pursued his federal habeas petition and there is no indication that he engaged in "intentionally dilatory tactics." *See Rhines*, 544 U.S. at 278. Therefore, the Court will stay the proceedings and allow Petitioner to pursue his claims in State court.

Third, in the interests of efficiency and adhering to ADEPA's "timeliness concerns," the Court will "place a reasonable time limit[] on [P]etitioner's trip to [S]tate court and back." *Id.* at 277–78. Petitioner must file the Rule 6.500 motion within thirty days of the issuance of this order and return to federal court within thirty days after exhausting his State court remedies. *See id.* at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) ("[T]he court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally [thirty] days, and a return to the district court after exhaustion is completed, also within a limited period, normally [thirty] days.")). If Petitioner fails to adhere to the above time constraints, the Court will lift the stay, dismiss Petitioner's two unexhausted claims with prejudice, and resolve the petition.

Finally, while the case is pending resolution in State court, the Court will administratively close the case because the Court anticipates the case will lie dormant for many months while Petitioner pursues his claims at each level of Michigan's criminal justice system. "Administrative closures are a tool of docket

7

management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Administrative closures "amount to an essentially ad hoc way in which courts remove cases from their active files without making any final adjudication." *Id.* (cleaned up). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.* Petitioner may move to reopen the case after exhausting all claims in State court.

**WHEREFORE**, it is hereby **ORDERED** that the motion to amend the habeas petition is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to stay proceedings and hold the petition in abeyance [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner must **MOVE** for relief from judgment in State court **no later than thirty days of the issuance of this order**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ADMINISTRATIVELY CLOSE** the case.

**IT IS FURTHER ORDERED** that if Petitioner is not satisfied with the outcome of the State court proceedings, Petitioner must **MOVE** to reopen the case **no**

**later than thirty days from the date the additional claims are exhausted**.

    **SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: January 22, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2024, by electronic and/or ordinary mail.

                                                      s/ R. Loury  
                                                    Case Manager